IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERESA A. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 05-CV-706-JHP-FHM |
| | ) |
| STAFFMARK INVESTMENT, LLC | ) |
| and CINDY PRUSS, | ) |
| | ) |
| Defendants. | ) |

## ORDER and OPINION

Before the Court are Defendants' Motion to Dismiss, Plaintiff's Response in opposition, and Defendants' Reply thereto. Because Defendants attached evidentiary materials to their Motion, the Court converted same to a Motion for Summary Judgment, and allowed the parties a reasonable time in which to supplement their original briefs accordingly. No supplementary materials were filed. Upon review of the briefs, and for reasons stated herein, the Court finds that Defendants are entitled to judgment as a matter of law on Plaintiff's claim under the Family and Medical Leave Act (FMLA). Defendants' Motion is therefore GRANTED.

## Background

Plaintiff Teresa A. Davis worked for Staffmark Medical Staffing from 1996 to 2000. She was re-employed by Defendant Staffmark Investment, LLC on December 6, 2004 and worked until January 24, 2005. Plaintiff was discharged on February 9, 2005 while she was on medical leave. Plaintiff characterizes her leave as being in accordance with the FMLA. She complains that Defendants did not provide her with adequate notice of FMLA policies, and that they discharged her in bad faith and in violation of the FMLA. Defendants deny that Plaintiff was an

1

"eligible employee" under the FMLA and that she was, at any rate, discharged for "compelling business reasons" and not in violation of the FMLA. Plaintiff responds that Defendants should be equitably estopped from contesting her eligibility because they acted in bad faith. These are the issues before the Court.

## Discussion

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. Id. at 249. The presence of a genuine issue of material fact defeats the motion.

In making the summary judgment determination, the Court examines the factual record and draws reasonable inferences therefrom in the light most favorable to the non-moving party. Simms v. Oklahoma, 165 F.3d 1321, 1326 (10th Cir. 1999). The Court also interprets the rule in such a way as to isolate and dispose of factually unsupportable claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary judgment is also appropriate if any element of the prima facie case lacks sufficient evidence to require submission to a jury. Anderson v. Liberty Lobby, 477 U.S. at 248-49.

### I. Plaintiff is not an "eligible employee" under the FMLA.

Under the FMLA, an "eligible employee" is entitled to take up to twelve weeks of leave

in any twelve-month period due to a serious health condition.  29 U.S.C. § 2612(a)(1).  An eligible employee is one who has been employed:

> (i)   for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; **and**
>
> (ii)  for at least 1,250 hours of service with such employer during the previous 12-month period.

29 U.S.C. § 2611(2)(A)(i) and (ii) (emphasis added); *see also* <u>Nev. Dept. of Human Res. v. Hibbs</u>, 538 U.S. 721, 739 (2003) ("The FMLA . . . applies only to employees who have worked for the employer for at least one year and provided 1,250 hours of service for the last 12 months. . . .").  The requirement is strictly construed.  *See* <u>Corcino v. Banco Popular de Puerto Rico</u>, 200 F. Supp. 2d 507, 511 (D. V.I. 2002) (denying eligibility to an employee who worked 1,197 hours in the previous twelve-month period).  Plaintiff here clearly does not meet FMLA eligibility requirements, given that she only worked for Defendants for seven weeks prior to taking leave.  Furthermore, "[t]here can be no doubt that [a] request – made by an ineligible employee for leave that would begin when she would still have been ineligible – is not protected by the FMLA."  <u>Walker v. Elmore County Bd. of Educ.</u>, 379 F.3d 1249, 1253 (11th Cir. 2004).  Thus, Plaintiff's claims under the FMLA are clearly unsupportable.

### II.  The doctrine of equitable estoppel is not applicable.

Plaintiff argues that the issue of eligibility should be set aside under the doctrine of equitable estoppel, because Defendants failed to apprise her of her rights under the FMLA.  In support of this theory, Plaintiff cites <u>Kosakow v. New Rochelle Radiology Assocs.</u>, 274 F.3d 706 (2d Cir. 2001).  Certainly, "where a party has a legal duty to speak, silence can constitute an affirmative misrepresentation," and "an employer who remains silent when its employee

announces that she plans to take medical leave is effectively misleading that employee into believing that she is protected by the FMLA." Kosakow, 274 F.3d at 725-26. Defendant here made no representations to Plaintiff about FMLA leave. Plaintiff admits that Defendant allowed her to take "sick leave" (**not** FMLA leave) as part of her job. Plaintiff does not establish that she affirmatively requested FMLA leave, but merely complains that Defendant failed to notify her of FMLA requirements and, thus, should be estopped from arguing eligibility. However, "[w]hether equitable estoppel applies in a given case is ultimately a question of fact." Id. at 725. The Kosakow court stated that "**under the right circumstances**, equitable estoppel may be available to a plaintiff in Kosakow's position." Id. at 723 (emphasis added). Plaintiff here is **not** in the same position as Kosakow. Moreover, as Plaintiff admits, the Tenth Circuit has not yet adopted the reasoning of Kosakow, and the Court does not believe this case to be the vehicle for doing so.

The plaintiff in Kosakow was employed with the defendant firm from July 1978 until March 1997. Id. at 713. Prior to taking leave, she had worked 1,186.5 hours during the last twelve-month period, and the parties were in dispute as to whether time she had spent in continuing education seminars counted toward her 1,250 hours. Id. at 715. The parties were also in dispute about additional time that the plaintiff spent on the job performing necessary tasks prior to the actual start of her shift. Id. The Kosakow court found that, if all of the disputed periods of time were resolved in favor of the plaintiff, she would have accrued 1,259.75 hours and thus, be an eligible employee under the FMLA. Id. at 722. Finally, the plaintiff in Kosakow took leave in January 1997 to have surgery which she had scheduled in November 1996. Id. at 725. She argued that her employer should be equitably estopped from arguing

4

eligibility because, had she known in November that her hours fell short of the FMLA requirement, she could have worked the necessary remaining hours before scheduling her surgery and taking her leave. Id.

In contrast, Plaintiff here worked for approximately seven weeks before requesting medical leave.[1] Even if Plaintiff worked twenty-four hours per day, seven days per week during this period (1,176 hours), she would still fall short of the necessary hours to qualify as an eligible employee under the FMLA (1,250 hours). Further, in her Complaint, Plaintiff stated that "[i]t became **necessary** for the Plaintiff to take a leave of absence . . . because she suffered from a serious medical condition which temporarily rendered her **unable to perform** the functions of her position." [Compl. at 2, ¶ 7 (emphasis added); *see also* id. at 4, ¶ 16.] In her Response to the instant Motion, however, Plaintiff stated, as part of her discussion of Kosakow, that had she "known of any eligibility question or problem, she **could and would have deferred** her request for FMLA leave" [Pltf. Resp. at 4], despite having been diagnosed with "a severe anxiety disorder" [Pltf. Resp. at 2], and admitting that she was "not driving [and] have anxiety attacks daily [and] can only function for 2 hours [and] then have to lay down" [Pltf. Supp. Br., Ex. B]. These inconsistencies in Plaintiff's arguments strain credulity, and make her reliance on Kosakow seem misplaced.

---

[1]The Court notes that Plaintiff's characterization of her employment with Staffmark is that she was employed by Staffmark "for years," and "[a]fter a lengthy absence from work," she "resumed her employment." [Pltf. Resp. at 2.] The Court also notes that during Plaintiff's "lengthy absence from work" – from 2000 to December 2004 – she was employed by four different companies. During the course of Plaintiff's "lengthy absence," Defendant changed its name, giving some credence to Defendants' argument that Plaintiff cannot successfully claim that she was employed by this employer for at least twelve months, as required by 29 U.S.C. § 2611(2)(A)(i). [*See* Def. Mtn. at 2 n.3.] The Court does not address this prong of the FMLA eligibility requirement, however, as failure to satisfy **either** prong (i) or (ii) is dispositive.

Plaintiff's situation differs from the factual scenarios in other cases in which equitable estoppel was applied as well. For example, in Duty v. Norton-Alcoa Proppants, 293 F.3d 481 (8th Cir. 2002), the defendant notified the plaintiff in writing that his entire 34-week sick leave qualified under the FMLA. Id. at 493. The defendant was therefore estopped from asserting the defense that, because the plaintiff had exhausted his 12-week FMLA entitlement, he was barred from bringing suit under the FMLA. Id. The instant case is markedly different from Duty in three ways: (1) the plaintiff in Duty had been employed since 1979 before taking FMLA leave in 1997 and thus, was clearly eligible; (2) the defendant in Duty explicitly guaranteed the plaintiff FMLA leave; and (3) the plaintiff in Duty was fired for failing to carry out his obligations under the FMLA, whereas Plaintiff here was fired for "compelling business reasons." *See* id. at 485-86, 493-94. Similarly, in Woodford v. Community Action of Greene County, Inc., 268 F.3d 51 (2d Cir. 2001), the Court notes that "the doctrine of equitable estoppel itself **may** apply where an employer who has initially provided notice of eligibility for leave later seeks to challenge that eligibility," but such is not the factual scenario here. *See* id. at 57 (emphasis added); *see also* Sorrell v. Rinker Materials Corp., 395 F.3d 332, 336 (6th Cir. 2005) (remanding to district court for consideration of whether defendant's unconditional approval of plaintiff's leave bars defendant from later challenging plaintiff's entitlement under the FMLA for lack of proper documentation).

Simply put, the instant case does not present the "right circumstances" in which to apply the doctrine of equitable estoppel. In all of the cases reviewed by the Court, *supra*, the question of eligibility for or entitlement to FMLA leave presented a "close call" and/or involved an affirmative misrepresentation by the employer. Although the Court does not disagree that "an

employer who by his silence misled an employee concerning the employee's entitlement to family leave **might**, if the employee reasonably relied and was harmed as a result, be estopped to plead the defense of ineligibility," the Court does not find that application of the doctrine would be reasonable in **this** case.  *See* Dormeyer v. Comerica Bank-Illinois, 223 F.3d 579, 582 (7th Cir. 2000) (in *dicta*) (emphasis added).  Were the Court to apply the doctrine in this case, an employee who worked a negligible number of hours in the preceding year would be entitled to leave in clear contravention of the statutory mandate that an employee must have worked a minimum of 1,250 hours in order to be eligible, *see* 29 U.S.C. § 2611(2)(A)(ii), based on arguments of suspect veracity and viability.[2]  The Court therefore declines to apply equitable estoppel to bar Defendant Staffmark Investment, LLC's defense of ineligibility.

## Conclusion

Because Plaintiff cannot show that she was an "eligible employee" under the FMLA, her claim must fail.  The Court further exercises its discretion under 28 U.S.C. § 1367(c)(3) to decline jurisdiction over Plaintiff's remaining state law claims.   Defendant's Motion for Summary Judgment  is therefore GRANTED in its entirety, and this case is hereby terminated.

IT IS SO ORDERED this 12th day of May 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[2]Plaintiff's arguments are supported solely by her own affidavit.

7